UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CARLOS CONTRERAS,

                    Plaintiff,

v.                                                              Case No. 2:21-cv-06873

PHOENIX FINANCIAL SERVICES LLC and
PENDRICK CAPITAL PARTNERS II, LLC,

                    Defendant.

### DEFENDANT, PHOENIX FINANCIAL SERVICES, LLC's ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Phoenix Financial Services, LLC ("Phoenix"), through counsel and pursuant to the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by the plaintiff, Carlos Contreras, and states:

### INTRODUCTION

1.      Phoenix admits plaintiff purports to bring an action for actual and statutory damages under the Fair Debt Collection Practices Act § 1692, *et seq*. ("FDCPA") and the New York General Business Law § 349 ("GBL 349"), but denies any and all damages, liability and/or violations, to the extent alleged in ¶ 1, and further denies plaintiff is entitled to any relief.  Except as specifically admitted, Phoenix denies the allegations in ¶ 1.

### THE FDCPA

2.      The FDCPA and the case law construing it speaks for itself and is the best

evidence of its contents.  To the extent the allegations in ¶ 2 state otherwise, they are denied.

3.      The FDCPA and the case law construing it speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 3 state otherwise, they are denied.

4.      The FDCPA and the case law construing it speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 4 state otherwise, they are denied.

5.      The FDCPA and the case law construing it speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 5 state otherwise, they are denied.

6.      The FDCPA and the case law construing it speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 6 state otherwise, they are denied.

7.      The FDCPA and the case law construing it speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 7 state otherwise, they are denied.

8.      The FDCPA and the case law construing it speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 8 state otherwise, they are denied.

### JURISDICTION AND VENUE

9.      Phoenix denies the allegations in ¶ 9 as calling for a legal conclusion.

Phoenix leaves all matters of jurisdiction to the Court.

10.     Phoenix denies the allegations in ¶ 10 as calling for a legal conclusion. Phoenix leaves all matters of venue to the Court.

## **PARTIES**

11.     Phoenix denies the allegations in ¶ 11 for lack of knowledge or information sufficient to form a belief therein.

12.     Phoenix denies the allegations in ¶ 12 as calling for a legal conclusion.

13.     Phoenix denies the allegations in ¶ 13.

14.     Phoenix admits that as part of its business it attempts to collect unpaid obligations owed to others.  Except as specifically admitted, Phoenix denies the allegations in ¶ 14.

15.     Phoenix admits that as part of its business it attempts to collect unpaid obligations owed to others in the State of New York.  Except as specifically admitted, Phoenix denies the allegations in ¶ 15.

16.     Phoenix admits that as part of its business it attempts to collect unpaid obligations owed to others in the State of New York.  Except as specifically admitted, Phoenix denies the allegations in ¶ 16.

17.     Phoenix admits that as part of its business it attempts to collect unpaid obligations owed to others.  Except as specifically admitted, Phoenix denies the allegations in ¶ 17.

18.     Phoenix admits that as part of its business it collects unpaid obligations owed to others.  Except as specifically admitted, Phoenix denies the allegations in ¶ 18.

19.     Phoenix admits that as part of its business it collects unpaid obligations owed to others in the State of New York.  Except as specifically admitted, Phoenix denies the allegations in ¶ 19.

20.     Phoenix denies the allegations in ¶ 20 as stated.

21.     Phoenix denies the allegations in ¶ 21 as stated.

22.     Phoenix denies the allegations in ¶ 22 as stated.

23.     Phoenix admits that it uses the telephone and the mail in the normal course of its business activities.  Except as specifically admitted, Phoenix denies the allegations in ¶ 23.

24.     Phoenix admits that it uses the telephone and the mail in the normal course of its business activities.  Except as specifically admitted, Phoenix denies the allegations in ¶ 24.

25.     Phoenix admits that it uses the telephone and the mail in the normal course of its business activities.  Except as specifically admitted, Phoenix denies the allegations in ¶ 25.

26.     Phoenix denies the allegations in ¶ 26 as stated.

27.     Phoenix denies the allegations in ¶ 27.

28.     Phoenix denies the allegations in ¶ 28.

29.     Phoenix denies the allegations in ¶ 29 as calling for a legal conclusion.

30.     Phoenix denies the allegations in ¶ 30 for lack of knowledge or information sufficient to form a belief therein.

31.     Phoenix denies the allegations in ¶ 31 for lack of knowledge or information

sufficient to form a belief therein.

32.     Phoenix denies the allegations in ¶ 32 for lack of knowledge or information sufficient to form a belief therein.

33.     Phoenix denies the allegations in ¶ 33 for lack of knowledge or information sufficient to form a belief therein.

34.     Phoenix denies the allegations in ¶ 34 for lack of knowledge or information sufficient to form a belief therein.

35.     Phoenix denies the allegations in ¶ 35 for lack of knowledge or information sufficient to form a belief therein.

36.     Phoenix denies the allegations in ¶ 36 for lack of knowledge or information sufficient to form a belief therein.

37.     Phoenix denies the allegations in ¶ 37 for lack of knowledge or information sufficient to form a belief therein.

38.     Phoenix denies the allegations in ¶ 38 for lack of knowledge or information sufficient to form a belief therein.

39.     Phoenix denies the allegations in ¶ 39 for lack of knowledge or information sufficient to form a belief therein.

40.     Phoenix denies the allegations in ¶ 40 for lack of knowledge or information sufficient to form a belief therein.

41.     Phoenix denies the allegations in ¶ 41 for lack of knowledge or information sufficient to form a belief therein.

42.     Phoenix denies the allegations in ¶ 42 for lack of knowledge or information

sufficient to form a belief therein.

43.     Phoenix denies the allegations in ¶ 43 for lack of knowledge or information sufficient to form a belief therein.

44.     Phoenix denies the allegations in ¶ 44 for lack of knowledge or information sufficient to form a belief therein.

45.     Phoenix denies the allegations in ¶ 45 for lack of knowledge or information sufficient to form a belief therein.

46.     Phoenix denies the allegations in ¶ 46 for lack of knowledge or information sufficient to form a belief therein.

47.     Phoenix denies the allegations in ¶ 47 for lack of knowledge or information sufficient to form a belief therein and thus leaves plaintiff to his proofs.

## **FACTUAL ALLEGATIONS**

48.     Phoenix admits plaintiff owes to Pendrick the stated amount.

49.     Phoenix denies the allegations in ¶ 49.

50.     Phoenix denies the allegations in ¶ 50.

51.     Phoenix denies the allegations in ¶ 51.

52.     Phoenix denies the allegations in ¶ 52.

53.     Phoenix denies the allegations in ¶ 53 as stated and as the obligation does not arise from a credit transaction.

54.     Phoenix denies the allegations in ¶ 54 as stated and as the obligation does not arise from a credit transaction.

55.     Phoenix denies the allegations in ¶ 55 as stated.

56.     Phoenix denies the allegations in ¶ 56 as stated.

57.     Phoenix denies the allegations in ¶ 57 as stated.

58.     Phoenix denies the allegations in ¶ 58.

59.     Phoenix denies the allegations in ¶ 59 for lack of knowledge or information sufficient to form a belief therein and as the allegations call for a legal conclusion.

60.     Phoenix denies the allegations in ¶ 60 as calling for a legal conclusion.

61.     Phoenix admits only that an account in plaintiff's name was placed with Phoenix for collection by his creditor.  Except as specifically admitted, Phoenix denies the allegations in ¶ 61.

62.     Phoenix denies the allegations in ¶ 62 as stated.

63.     Phoenix denies the allegations in ¶ 63 as stated and as calling for a legal conclusion.

64.     Phoenix denies the allegations in ¶ 64 as stated and as calling for a legal conclusion.

65.     Phoenix admits only that it sent a letter to plaintiff and that the letter speaks for itself and is the best evidence of its contents.  To the extent the allegations state otherwise, they are denied.

66.     Phoenix denies the allegations as state.

67.     Phoenix denies the allegations in ¶ 67 as stated.

68.     Phoenix denies the allegations in ¶ 68 as stated.

69.     Phoenix denies the allegations in ¶ 69 as calling for a legal conclusion.

70.     Phoenix denies the allegations in ¶ 70 as stated, and admits only that a letter

was sent to plaintiff, and that the letter speaks for itself and is the best evidence of its contents.  To the extent the allegations state otherwise, they are denied.

71.     Phoenix denies the allegations in ¶ 71 for lack of knowledge or information sufficient to form a belief therein.

72.     Phoenix denies the allegations in ¶ 72 as calling for a legal conclusion.

## FIRST CAUSE OF ACTION
### As to Pendrick
### Violation of 15 U.S.C. § 1692c(b) and § 1692f

73.     Phoenix reasserts the foregoing as if fully stated herein.

74.      15 U.S.C. § 1692c(b) speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 74 state otherwise, they are denied.

75.     Phoenix denies the allegations in ¶ 75 for lack of knowledge or information sufficient to form a belief therein.

76.     Phoenix denies the allegations in ¶ 76 as stated and as calling for a legal conclusion.

77.     Phoenix denies the allegations in ¶ 77 as stated and as calling for a legal conclusion.

78.     Phoenix denies the allegations in ¶ 78 for lack of knowledge or information sufficient to form a belief therein.

79.     Phoenix denies the allegations in ¶ 79.

80.     Phoenix denies the allegations in ¶ 80 for lack of knowledge or information sufficient to form a belief therein.

81.     Phoenix denies the allegations in ¶ 81 for lack of knowledge or information

sufficient to form a belief therein.

82.     Phoenix denies the allegations in ¶ 82.

83.     Phoenix denies the allegations in ¶ 83 as stated and as calling for a legal conclusion.

84.     Phoenix denies the allegations in ¶ 84 as stated and as calling for a legal conclusion.

85.     Phoenix denies the allegations in ¶ 85 as stated and as calling for a legal conclusion.

86.     15 U.S.C. § 1692f speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 86 state otherwise, they are denied.

87.     The allegations in ¶ 87 make no averment against Phoenix for which a response is required.

88.     Phoenix denies the allegations in ¶ 88 as stated and as calling for a legal conclusion.

89.     Phoenix denies the allegations in ¶ 89 as stated and as calling for a legal conclusion.

90.     The allegations in ¶ 90 make no averment against Phoenix for which a response is required.

## SECOND CAUSE OF ACTION
### As to PFS
### Violations of 15 U.S.C. §§ 1692c(b) and 1692f

91.     Phoenix reasserts the foregoing as if fully stated herein.

92.     15 U.S.C. § 1692c(b) speaks for itself and is the best evidence of its

contents.  To the extent the allegations in ¶ 92 state otherwise, they are denied.

93.     Phoenix denies the allegations in ¶ 93 as calling for a legal conclusion.

94.     Phoenix denies the allegations in ¶ 94 as stated and as calling for a legal conclusion.

95.     Phoenix denies the allegations in ¶ 95 as stated and as calling for a legal conclusion.

96.     Phoenix denies the allegations in ¶ 96 as stated and as calling for a legal conclusion.

97.     Phoenix denies the allegations in ¶ 97 as stated.

98.     Phoenix denies the allegations in ¶ 98 as stated.

99.     Phoenix denies the allegations in ¶ 99.

100.    Phoenix denies the allegations in ¶ 100.

101.    Phoenix denies the allegations in ¶ 101.

102.    Phoenix denies the allegations in ¶ 102 as stated and as calling for a legal conclusion.

103.    Phoenix denies the allegations in ¶ 103 as stated and as calling for a legal conclusion.

104.    15 U.S.C. § 1692f speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 104 state otherwise, they are denied.

105.    Phoenix denies the conduct asserted in ¶ 105 and as calling for a legal conclusion.

106.    Phoenix denies the conduct asserted in ¶ 106 and as calling for a legal

conclusion.

107.    Phoenix denies the conduct asserted in ¶ 107 and as calling for a legal
conclusion.

108.    Phoenix denies the allegations in ¶ 108.

### THIRD CAUSE OF ACTION
### As to Both Defendants
### Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

109.    Phoenix reasserts the foregoing as if fully stated herein.

110.    15 U.S.C. § 1692e speaks for itself and is the best evidence of its contents.
To the extent the allegations in ¶ 110 state otherwise, they are denied.

111.    15 U.S.C. § 1692e(2)(a) speaks for itself and is the best evidence of its
contents.  To the extent the allegations in ¶ 111 state otherwise, they are denied.

112.    15 U.S.C. § 1692e(10) speaks for itself and is the best evidence of its
contents.  To the extent the allegations in ¶ 112 state otherwise, they are denied.

113.    Phoenix denies the allegations in ¶ 113 as calling for a legal conclusion.

114.    Phoenix denies the allegations in ¶ 114 as calling for a legal conclusion.

115.    Phoenix denies the allegations in ¶ 115.

116.    Phoenix denies the allegations in ¶ 116.

117.    Phoenix denies the allegations in ¶ 117.

118.    Phoenix denies the allegations in ¶ 118.

119.    Phoenix denies the allegations in ¶ 119.

120.    Phoenix denies the allegations in ¶ 120.

121.    Phoenix denies the allegations in ¶ 121.

122.   Phoenix denies the allegations in ¶ 122.

123.   Phoenix denies the allegations in ¶ 123.

## FOURTH CAUSE OF ACTION
### As to Both Defendants
### Violation of New York General Business Law § 349

124.   Phoenix reasserts the foregoing as if fully stated herein.

125.   Phoenix denies the conduct attributed to it and further denies the allegations as calling for a legal conclusion.

126.   Phoenix denies the conduct attributed to it and further denies the allegations as calling for a legal conclusion.

127.   Phoenix denies the conduct attributed to it and further denies the allegations as calling for a legal conclusion.

128.   Phoenix denies the allegations in ¶ 128 as calling for a legal conclusion.

129.   Phoenix denies the allegations in ¶ 129 as calling for a legal conclusion.

130.   Phoenix denies the allegations in ¶ 130 as calling for a legal conclusion.

131.   Phoenix denies the allegations in ¶ 131 as calling for a legal conclusion.

132.   Phoenix denies the conduct attributed to it and further denies the allegations as calling for a legal conclusion.

133.   Phoenix denies the allegations in ¶ 133.

134.   Phoenix denies the allegations in ¶ 134.

135.   Phoenix denies the allegations in ¶ 135.

## JURY DEMAND

136.   Phoenix denies that plaintiff is entitled to a jury trial.

## PRAYER FOR RELIEF

137.   Phoenix denies that plaintiff is entitled to any relief, including the relief sought.

AND NOW, in further answer to plaintiff's complaint, Phoenix avers as follows:

## FIRST AFFIRMATIVE DEFENSE

One or more of the counts/grounds in plaintiff's complaint fails to state a claim against Phoenix upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent a violation(s) is established, any such violation(s) was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## THIRD AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of Phoenix, or for whom Phoenix is not responsible or liable.

## FOURTH AFFIRMATIVE DEFENSE

Assuming that plaintiff suffered any damages, plaintiff has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff suffered no actual injury or injury in fact.

WHEREFORE, defendant, Phoenix Financial Services, LLC, respectfully requests this Answer be deemed good and sufficient, plaintiff's lawsuit be dismissed with

prejudice at plaintiffs' costs pursuant to federal and state law, plaintiff be ordered to pay reasonable attorney's fees and costs for Phoenix, and for all other general and equitable relief.

Dated: December 15, 2021                    Respectfully Submitted,

                                            */s/ Aaron R. Easley*
                                            Aaron R. Easley, Esq. (ae9922)
                                            SESSIONS ISRAEL & SHARTLE, LLC
                                            3 Cross Creek Drive
                                            Flemington, NJ  08822-4938
                                            Telephone No.: (908) 237-1660
                                            Facsimile No.: (877) 334-0661
                                            Email: aeasley@sessions.legal
                                            Attorneys for Defendants,
                                            Phoenix Financial Services LLC and
                                            Pendrick Capital Partners II, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2021, a copy of the foregoing was served electronically via CM/ECF and served upon counsel via U.S. Mail at the below address:

    David M. Barshay, Esq.
    Barshay, Rizzo & Lopez, PLLC
    445 Broadhollow Road
    Suite CL18
    Melville, NY  11747
    Email: dbarshay@brlfirm.com
    *Attorney for Plaintiff*

                                            */s/ Aaron R. Easley*
                                            Aaron R. Easley, Esq.

14