UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS CONTRERAS,<br>    Plaintiff,<br><br>v.<br><br>PHOENIX FINANCIAL SERVICES LLC and PENDRICK CAPITAL PARTNERS II, LLC,<br><br>    Defendant. | Case No. 2:21-cv-06873 |

**DEFENDANT, PENDRICK CAPITAL PARTNERS II, LLC's ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Pendrick Capital Partners II, LLC ("Pendrick"), through counsel and pursuant to the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by the plaintiff, Carlos Contreras, and states:

**INTRODUCTION**

1. Pendrick admits plaintiff purports to bring an action for actual and statutory damages under the Fair Debt Collection Practices Act § 1692, *et seq*. ("FDCPA") and the New York General Business Law § 349 ("GBL 349"), but denies any and all damages, liability and/or violations, to the extent alleged in ¶ 1, and further denies plaintiff is entitled to any relief. Except as specifically admitted, Pendrick denies the allegations in ¶ 1.

**THE FDCPA**

2. The FDCPA and the case law construing it speaks for itself and is the best

evidence of its contents. To the extent the allegations in ¶ 2 state otherwise, they are denied.

3. The FDCPA and the case law construing it speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 3 state otherwise, they are denied.

4. The FDCPA and the case law construing it speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 4 state otherwise, they are denied.

5. The FDCPA and the case law construing it speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 5 state otherwise, they are denied.

6. The FDCPA and the case law construing it speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 6 state otherwise, they are denied.

7. The FDCPA and the case law construing it speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 7 state otherwise, they are denied.

8. The FDCPA and the case law construing it speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 8 state otherwise, they are denied.

## JURISDICTION AND VENUE

9. Pendrick denies the allegations in ¶ 9 as calling for a legal conclusion.

Pendrick leaves all matters of jurisdiction to the Court.

10. Pendrick denies the allegations in ¶ 10 as calling for a legal conclusion. Pendrick leaves all matters of venue to the Court.

## **PARTIES**

11. Pendrick denies the allegations in ¶ 11 for lack of knowledge or information sufficient to form a belief therein.

12. Pendrick denies the allegations in ¶ 12 as calling for a legal conclusion.

13. Pendrick denies the allegations in ¶ 13 for lack of knowledge or information sufficient to form a belief therein.

14. Pendrick denies the allegations in ¶ 14 for lack of knowledge or information sufficient to form a belief therein.

15. Pendrick denies the allegations in ¶ 15 for lack of knowledge or information sufficient to form a belief therein.

16. Pendrick denies the allegations in ¶ 16 for lack of knowledge or information sufficient to form a belief therein.

17. Pendrick denies the allegations in ¶ 17 for lack of knowledge or information sufficient to form a belief therein.

18. Pendrick denies the allegations in ¶ 18 for lack of knowledge or information sufficient to form a belief therein.

19. Pendrick denies the allegations in ¶ 19 for lack of knowledge or information sufficient to form a belief therein.

20. Pendrick denies the allegations in ¶ 20 for lack of knowledge or


information sufficient to form a belief therein.

21. Pendrick denies the allegations in ¶ 21 for lack of knowledge or information sufficient to form a belief therein.

22. Pendrick denies the allegations in ¶ 22 for lack of knowledge or information sufficient to form a belief therein.

23. Pendrick denies the allegations in ¶ 23 for lack of knowledge or information sufficient to form a belief therein.

24. Pendrick denies the allegations in ¶ 24 for lack of knowledge or information sufficient to form a belief therein.

25. Pendrick denies the allegations in ¶ 25 for lack of knowledge or information sufficient to form a belief therein.

26. Pendrick denies the allegations in ¶ 26 for lack of knowledge or information sufficient to form a belief therein.

27. Pendrick denies the allegations in ¶ 27 for lack of knowledge or information sufficient to form a belief therein.

28. Pendrick denies the allegations in ¶ 28 for lack of knowledge or information sufficient to form a belief therein.

29. Pendrick denies the allegations in ¶ 29 for lack of knowledge or information sufficient to form a belief therein.

30. Pendrick denies the allegations in ¶ 30.

31. Pendrick denies the allegations in ¶ 31.

32. Pendrick denies the allegations in ¶ 32.

33. Pendrick denies the allegations in ¶ 33.

34. Pendrick denies the allegations in ¶ 34 as stated.

35. Pendrick denies the allegations in ¶ 35 as stated.

36. Pendrick denies the allegations in ¶ 36 as stated.

37. Pendrick denies the allegations in ¶ 37 as stated.

38. Pendrick denies the allegations in ¶ 38 as stated.

39. Pendrick denies the allegations in ¶ 39 as stated.

40. Pendrick denies the allegations in ¶ 40.

41. Pendrick denies the allegations in ¶ 41.

42. Pendrick denies the allegations in ¶ 42.

43. Pendrick denies the allegations in ¶ 43 as stated.

44. Pendrick denies the allegations in ¶ 44.

45. Pendrick denies the allegations in ¶ 45.

46. Pendrick denies the allegations in ¶ 46.

47. Pendrick denies the allegations in ¶ 47 for lack of knowledge or information sufficient to form a belief therein and thus leaves plaintiff to his proofs.

## **FACTUAL ALLEGATIONS**

48. Pendrick admits plaintiff owes to it the stated amount.

49. Pendrick denies the allegations in ¶ 49.

50. Pendrick denies the allegations in ¶ 50.

51. Pendrick denies the allegations in ¶ 51.

52. Pendrick denies the allegations in ¶ 52.

53. Pendrick denies the allegations in ¶ 53 as stated and states further that it acquired plaintiff's outstanding obligation.

54. Pendrick denies the allegations in ¶ 54 as stated and states further that it acquired plaintiff's outstanding obligation.

55. Pendrick denies the allegations in ¶ 55 as stated and states further that it acquired plaintiff's outstanding obligation.

56. Pendrick denies the allegations in ¶ 56 as stated and states further that it acquired plaintiff's outstanding obligation.

57. Pendrick denies the allegations in ¶ 57 as stated and states further that it acquired plaintiff's outstanding obligation.

58. Pendrick denies the allegations in ¶ 58.

59. Pendrick denies the allegations in ¶ 59 for lack of knowledge or information sufficient to form a belief therein and as the allegation calls for a legal conclusion.

60. Pendrick denies the allegations in ¶ 60 as calling for a legal conclusion.

61. Pendrick admits only that it placed an account in plaintiff's name with Phoenix Financial Services, LLC for collection. Except as specifically admitted, Pendrick denies the allegations in ¶ 61.

62. Pendrick denies the allegations in ¶ 62 as stated.

63. Pendrick denies the allegations in ¶ 63 as stated and as calling for a legal conclusion.

64. Pendrick denies the allegations in ¶ 64 as stated and as calling for a legal

conclusion.

65. Pendrick denies the allegations in ¶ 65 for lack of knowledge or information sufficient to form a belief therein.

66. Pendrick denies the allegations in ¶ 66 for lack of knowledge or information sufficient to form a belief therein.

67. Pendrick denies the allegations in ¶ 67 for lack of knowledge or information sufficient to form a belief therein.

68. Pendrick denies the allegations in ¶ 68 for lack of knowledge or information sufficient to form a belief therein.

69. Pendrick denies the allegations in ¶ 69 as calling for a legal conclusion.

70. Pendrick denies the allegations in ¶ 70 for lack of knowledge or information sufficient to form a belief therein.

71. Pendrick denies the allegations in ¶ 71 for lack of knowledge or information sufficient to form a belief therein.

72. Pendrick denies the allegations in ¶ 72 as calling for a legal conclusion.

## **FIRST CAUSE OF ACTION**
### **As to Pendrick**
### **Violation of 15 U.S.C. § 1692c(b) and § 1692f**

73. Pendrick reasserts the foregoing as if fully stated herein.

74. 15 U.S.C. § 1692c(b) speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 74 state otherwise, they are denied.

75. Pendrick denies the allegations in ¶ 75 as calling for a legal conclusion.

76. Pendrick denies the allegations in ¶ 76 as stated and as calling for a legal

conclusion.

77. Pendrick denies the allegations in ¶ 77 as stated and as calling for a legal conclusion.

78. Pendrick denies the allegations in ¶ 78 as stated and as calling for a legal concluson.

79. Pendrick denies the allegations in ¶ 79.

80. Pendrick denies the allegations in ¶ 80 as stated.

81. Pendrick denies the allegations in ¶ 81.

82. Pendrick denies the allegations in ¶ 82.

83. Pendrick denies the allegations in ¶ 83 as stated and as calling for a legal conclusion.

84. Pendrick denies the allegations in ¶ 84 as stated and as calling for a legal conclusion.

85. Pendrick denies the conducted attributed to it and thus denies the allegations in ¶ 85.

86. 15 U.S.C. § 1692f speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 86 state otherwise, they are denied.

87. Pendrick denies the conduct asserted in ¶ 87 and as calling for a legal conclusion.

88. Pendrick denies the allegations in ¶ 88 as stated and as calling for a legal conclusion.

89. Pendrick denies the allegations in ¶ 89 as stated and as calling for a legal

conclusion.

90. Pendrick denies the allegations in ¶ 90.

## SECOND CAUSE OF ACTION
### As to PFS
### Violations of 15 U.S.C. §§ 1692c(b) and 1692f

91. Pendrick reasserts the foregoing as if fully stated herein.

92. 15 U.S.C. § 1692c(b) speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 92 state otherwise, they are denied.

93. Pendrick denies the allegations in ¶ 93 as calling for a legal conclusion.

94. Pendrick denies the allegations in ¶ 94 as stated and as calling for a legal conclusion.

95. Pendrick denies the allegations in ¶ 95 as stated and as calling for a legal conclusion.

96. Pendrick denies the allegations in ¶ 96 as stated and as calling for a legal conclusion.

97. Pendrick denies the allegations in ¶ 97 for lack of knowledge or information sufficient to form a belief therein.

98. Pendrick denies the allegations in ¶ 98 for lack of knowledge or information sufficient to form a belief therein.

99. Pendrick denies the allegations in ¶ 99 for lack of knowledge or information sufficient to form a belief therein.

100. Pendrick denies the allegations in ¶ 100 for lack of knowledge or information sufficient to form a belief therein.

101. Pendrick denies the allegations in ¶ 101 for lack of knowledge or information sufficient to form a belief therein.

102. Pendrick denies the allegations in ¶ 102 for lack of knowledge or information sufficient to form a belief therein.

103. Pendrick denies the allegations in ¶ 103 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

104. 15 U.S.C. § 1692f speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 104 state otherwise, they are denied.

105. Pendrick denies the conduct asserted in ¶ 105 and as calling for a legal conclusion.

106. Pendrick denies the allegations in ¶ 106 and as calling for a legal conclusion.

107. Pendrick denies the allegations in ¶ 107 and as calling for a legal conclusion.

108. The allegations in ¶ 108 make no averment against Pendrick for which a response is required.

### THIRD CAUSE OF ACTION
### As to Both Defendants
### Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

109. Pendrick reasserts the foregoing as if fully stated herein.

110. 15 U.S.C. § 1692e speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 110 state otherwise, they are denied.

111. 15 U.S.C. § 1692e(2)(a) speaks for itself and is the best evidence of its

contents. To the extent the allegations in ¶ 111 state otherwise, they are denied.

112. 15 U.S.C. § 1692e(10) speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 112 state otherwise, they are denied.

113. Pendrick denies the allegations in ¶ 113 as calling for a legal conclusion.

114. Pendrick denies the allegations in ¶ 114 as calling for a legal conclusion.

115. Pendrick denies the allegations in ¶ 115.

116. Pendrick denies the allegations in ¶ 116.

117. Pendrick denies the allegations in ¶ 117.

118. Pendrick denies the allegations in ¶ 118.

119. Pendrick denies the allegations in ¶ 119.

120. Pendrick denies the allegations in ¶ 120.

121. Pendrick denies the allegations in ¶ 121.

122. Pendrick denies the allegations in ¶ 122.

123. Pendrick denies the allegations in ¶ 123.

### FOURTH CAUSE OF ACTION
### As to Both Defendants
### Violation of New York General Business Law § 349

124. Pendrick reasserts the foregoing as if fully stated herein.

125. Pendrick denies the conduct attributed to it and further denies the allegations as calling for a legal conclusion.

126. Pendrick denies any conduct attributed to it and further denies the allegations as calling for a legal conclusion.

127. Pendrick denies the conduct attributed to it and further denies the

allegations as calling for a legal conclusion.

128. Pendrick denies the allegations in ¶ 128 as calling for a legal conclusion.

129. Pendrick denies the allegations in ¶ 129 as calling for a legal conclusion.

130. Pendrick denies the allegations in ¶ 130 as calling for a legal conclusion.

131. Pendrick denies the allegations in ¶ 131 as calling for a legal conclusion.

132. Pendrick denies the conduct attributed to it and further denies the allegations as calling for a legal conclusion.

133. Pendrick denies the allegations in ¶ 133.

134. Pendrick denies the allegations in ¶ 134.

135. Pendrick denies the allegations in ¶ 135.

## JURY DEMAND

136. Pendrick denies that plaintiff is entitled to a jury trial.

## PRAYER FOR RELIEF

137. Pendrick denies that plaintiff is entitled to any relief, including the relief sought.

AND NOW, in further answer to plaintiff's complaint, Pendrick avers as follows:

## FIRST AFFIRMATIVE DEFENSE

One or more of the counts/grounds in plaintiff's complaint fails to state a claim against Pendrick upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent a violation(s) is established, any such violation(s) was not intentional and resulted from a *bona fide* error notwithstanding

12

the maintenance of procedures reasonably adapted to avoid any such error.

### THIRD AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of Pendrick, or for whom Pendrick is not responsible or liable.

### FOURTH AFFIRMATIVE DEFENSE

Assuming that plaintiff suffered any damages, plaintiff has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff suffered no actual injury or injury in fact

WHEREFORE, defendant, Pendrick Capital Partners II, LLC, respectfully requests this Answer be deemed good and sufficient, plaintiff's lawsuit be dismissed with prejudice at plaintiffs' costs pursuant to federal and state law, plaintiff be ordered to pay reasonable attorney's fees and costs for Pendrick, and for all other general and equitable relief.

Dated: December 15, 2021                    Respectfully Submitted,

*/s/ Aaron R. Easley*
Aaron R. Easley, Esq. (ae9922)
SESSIONS ISRAEL & SHARTLE, LLC
3 Cross Creek Drive
Flemington, NJ  08822-4938
Telephone No.: (908) 237-1660
Facsimile No.: (877) 334-0661
Email: aeasley@sessions.legal
Attorneys for Defendants,
Phoenix Financial Services LLC and
Pendrick Capital Partners II, LLC

13

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2021, a copy of the foregoing was served electronically via CM/ECF and served upon counsel via U.S. Mail at the below address:

David M. Barshay, Esq.
Barshay, Rizzo & Lopez, PLLC
445 Broadhollow Road
Suite CL18
Melville, NY  11747
Email: dbarshay@brlfirm.com
*Attorney for Plaintiff*

                                                */s/ Aaron R. Easley*
                                                Aaron R. Easley, Esq.